*215 OPINION OF THE COURT
Martin Schneier, J.
This is a case of first impression. The issue before the court is whether a former infant plaintiff should be permitted to terminate his future structured settlement payments in exchange for a reduced immediate payment without complying with the Structured Settlement Protection Act (SSPA) (General Obligations Law § 5-1701 et seq.).
Background
Petitioner Andrew Warde moves, by ex parte petition, for court approval of the conversion of an outstanding structured settlement payment into an immediate payment. Warde was the infant plaintiff in the underlying personal injury action in which it was alleged that he was bitten by a dog. This action was settled and compromised on August 27, 1996. The court-approved settlement provided for the purchase of an annuity contract for a structured settlement which required three payments to be made to the infant: $8,000 on December 8, 2004, Warde’s 18th birthday; $12,000 on December 8, 2007, Warde’s 21st birthday; and the final payment of $22,190.84 on December 8, 2011, Warde’s 25th birthday. Old Mutual Life Insurance Company is the payor of this annuity structured settlement contract.
Warde has reached an agreement with Old Mutual to exchange the final payment of $22,190.84, due on December 8, 2011, for an immediate payment of $17,041.82.
Discussion
The Structured Settlement Protection Act states that
“[n]o direct or indirect transfer of structured settlement payment rights shall be effective and no structured settlement obligor or annuity issuer shall be required to make any payment directly or indirectly to any transferee of structured settlement payment rights unless the transfer has been authorized in advance in a final order of a court of competent jurisdiction” (General Obligations Law § 5-1706).
The Act requires full disclosure of the terms and costs of the transfer (General Obligations Law § 5-1705). The court must then make express findings, including that the transfer is “fair *216 and reasonable,” and “in the best interest of the payee” (General Obligations Law § 5-1706 [b]).
The petition in this case does not comply with the SSPA. Warde argues that the SSPA does not apply because he does not seek to transfer his future payment to a third party. Warde maintains that because there is no third party, this a “commutation” and not a “transfer” that would be subject to the SSPA.
The SSPA requires court approval for any “direct or indirect transfer of structured settlement payment rights” (General Obligations Law § 5-1706). A transfer is defined as “any sale, assignment, pledge, hypothecation or other alienation or encumbrance of structure settlement payment rights made by a payee for consideration” (General Obligations Law § 5-1701 [q]). As a threshold matter, the commutation proposed here falls within the Act’s definition of a transfer. Moreover, subjecting this transfer to the SSPA is consistent with the purpose of the Act.
The New York Structured Settlement Protection Act was enacted in 2002 to protect payees from unscrupulous funding companies that use “[ajgressive advertising, plus the allure of quick and easy cash, to induce settlement recipients to cash out future payments, often at substantial discounts, depriving victims and their families of the long-term financial security their structured settlements were designed to provide” (Assembly Mem in Support, 2002 McKinney’s Session Laws of NY, at 2036).
There is no reason to presume that the annuity issuer is acting any more scrupulously than a funding company. Furthermore, there is here no disclosure of the terms of the proposed commutation. This makes it impossible for the court, or Warde, to determine if the proposed commutation is fair and reasonable or in Warde’s best interest. Thus, both the language and history of the SSPA compel a determination that it applies to the commutation of the structured settlement agreement as proposed here.
Conclusion
Based on the foregoing, this ex parte petition is denied without prejudice to the commencement of a special proceeding pursuant to the Structured Settlement Protection Act (General Obligations Law § 5-1701 et seq.).